# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CRIMINAL NO. 1:09-CR-0182** |
| v. | **(Judge Conner)** |
| **TROY G. BROWN** | |

## MEMORANDUM

Presently before the court for judgment is the indictment (Doc. 1) against defendant Troy G. Brown ("Brown"). The one-count indictment charges defendant with intentionally and knowingly distributing and possessing with intent to distribute five grams and more of cocaine base, in violation of 21 U.S.C. § 841(a)(1). A non-jury trial was held on December 7, 2009, during which the parties stipulated to the content of the government's evidence. The defendant waived his right to a jury trial and his right to confront his accusers, and he presented no evidence at the trial. Pursuant to Rule 23(c) of the Federal Rules of Criminal Procedure, the court's findings of fact and conclusions of law are set forth below.

## I. Findings of Fact

1. On March 6, 2009, a confidential informant arranged a purchase of cocaine base, to take place at the area of 4th and Muench Streets in Harrisburg, Pennsylvania.

2. An individual identified as Clayton Foster, the brother of defendant Brown, arrived at the location and delivered cocaine base to the confidential informant.

3. The contents of the bag delivered on March 6, 2009 weighed 6.8 grams and contained cocaine base.

4. On April 8, 2009, the confidential informant arranged another purchase of cocaine base, to take place at 19th and Herr Streets in Harrisburg.

5. On the same date, Defendant Brown drove to the residence at 2400 Brown Street in a black Cadillac, with Pennsylvania Registration GVY-8686. He exited the vehicle and entered the residence at approximately 10:42 a.m. At approximately 10:46 a.m., he exited the residence and drove away in the black Cadillac.

6. At approximately 10:47 a.m., Defendant Brown arrived at 19th and Herr Streets in a black Cadillac, with Pennsylvania Registration GVY-8686.

7. The confidential informant entered the black Cadillac. A short time later, s/he exited the vehicle with cocaine base.

8. The contents of the bag obtained on April 8, 2009 weighed 13.2 grams and contained cocaine base.

9. Defendant Brown later returned to 2400 Brown Street in the black Cadillac. He exited the vehicle and entered the residence.

10. On April 9, 2009, at approximately 9:55 a.m., a black Cadillac, with Pennsylvania Registration GVY-8686, arrived at 2400 Brown Street. Defendant Brown exited the vehicle and entered the residence. A short time later, he exited the residence and drove away in the black Cadillac.

11. Law enforcement officers conducted a traffic stop of the black Cadillac on Elmerton Avenue, Susquehanna Township, Pennsylvania. Defendant Brown, the sole occupant of the vehicle, was taken into custody. A trained narcotics detection dog responded to the vehicle, indicating the presence of controlled substances.

12. On the same date, law enforcement officers executed a search warrant at 2400 Brown Street. They recovered the following:

    a. $330 cash from the top drawer of the dresser in the master bedroom

    b. $2,200 cash from a sock in the same dresser drawer

    c. mail for Troy Brown on top of the dresser in the master bedroom

    d. $247 cash from Troy Brown

    e. an owe sheet

    f. $140 cash from another individual, Clayton Foster

13. Later that day, law enforcement officers executed a search warrant on the black Cadillac with Pennsylvania Registration GVY-8686. They recovered the following:

    a. two bags containing cocaine base, found under the driver's floor mat

    b. paperwork in the name of Troy Brown, found in the glove box and in the trunk

    c. registration for the vehicle

    d. a telephone belonging to Troy Brown

    e. identification cards for Marcia Davenport and Gregory Brown

14. The contents of the two bags recovered from the 1999 black Cadillac on April 9, 2009 weighed five grams and contained cocaine base.

## II. Conclusions of Law

1. The government has proven beyond a reasonable doubt the elements of the crime of intentionally and knowingly distributing and possessing with intent to distribute five grams and more of cocaine base, in violation of 21 U.S.C. § 841(a)(1).

2. A judgment of guilty must be entered against defendant on Count I of the indictment.

   An appropriate order will issue.


   S/ Christopher C. Conner
   CHRISTOPHER C. CONNER
   United States District Judge


Dated:    April 30, 2010

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CRIMINAL NO. 1:09-CR-0182** |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **TROY G. BROWN** | : | |

## **ORDER**

AND NOW, this 30th day of April, 2010, upon consideration of the indictment (Doc. 1), and following a bench trial held on December 7, 2009, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The Clerk of Court is directed to enter a verdict of guilty against defendant, and to enter judgment in accordance with the verdict.

2. The Department of Probation is directed to prepare a presentence report. Sentencing proceedings will be held after the preparation of a presentence report.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge